**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International LLC,<br><br>            Plaintiff,<br>vs.<br><br>BPI Sports LLC,<br><br>            Defendant. | No. CV-18-04663-PHX-SPL<br><br>**ORDER** |

Before the Court are Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (Doc. 15) and Request for Judicial Notice (Doc. 16). For the following reasons, the Motion to Dismiss will be granted without prejudice and the Request for Judicial Notice will be denied.

**I.    Background**[1]

Plaintiff is an Arizona-based company that owns several patents related to the use of amino acids combined with nitrates. (Doc. 1 at 4) Plaintiff licenses the patents for their use in dietary supplements. (Doc. 1 at 4) Defendant is a market leader in Branch Chain Amino Acid ("BCAA") supplement sales. (Doc. 1 at 1-2) Defendant advertises that its products contain a unique "Oligopeptide-Enzymatic Technology," which is the result of using "peptide linked" BCAAs. (Doc. 1 at 2) On December 12, 2018, Plaintiff filed the Complaint, alleging that Defendant's products do not contain the peptide linked BCAAs

---

[1] For purposes of the Motion to Dismiss, the Court takes Plaintiff's well-pleaded allegations as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

as advertised on its packaging. (Doc. 1) Specifically, Plaintiff alleged that Defendant is a direct competitor in the sale of nitrate technology and that Defendant made false statements about its use of "peptide linked" BCAAs when advertising its products. (Doc. 1 at 18) The Complaint asserts three causes of action: 1) false advertising under 15 U.S.C. § 1125(a)(1)(B) of the Lanham Act; (2) common law unfair competition; and (3) civil conspiracy. (Doc. 1 at 18-19)

On March 8, 2019, Defendant filed the Motion to Dismiss (Doc. 15), arguing that Plaintiff failed to state a claim for relief and requesting that the Court dismiss the claims with prejudice. Plaintiff responded on April 15, 2019 (Doc. 22), and Defendant replied on May 13, 2019 (Doc. 23).

**II. Legal Standard**

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. *See Daniels-Hall*, 629 F.3d at 998.

**III. Discussion**

    **A. The Complaint**

Defendant argues that the Complaint must be dismissed under Rule 12(b)(6) because Plaintiff did not allege the requisite elements to establish each claim. (Doc. 15 at 2) Defendant further asserts that its motion should be granted with prejudice because granting leave to amend the Complaint would be futile. (Doc. 15 at 17) Defendant labels Plaintiff as "a patent troll that acquires and licenses patents in the sports nutrition and supplement industry and then files dozens of lawsuits against hundreds of alleged patent

infringers and alleged competitors for false advertising." (Doc. 15 at 2) Defendant cites to a similar lawsuit filed by Plaintiff in this District, *ThermoLife Int'l, L.L.C. v. NeoGenis Labs, Inc.*, No. 2:18-cv-02980-HRH, 2019 WL 1438293 (Apr. 1, 2019), in support of its argument. (Doc. 23 at 6)

In response, Plaintiff argues that the allegations in the Complaint sufficiently plead each of the three claims for relief. (Doc. 22 at 1-2) In the alternative, Plaintiff asserts that it should be granted leave to amend any deficiencies in the Complaint. (Doc. 22 at 12) Each count is reviewed below.

### 1. False Advertising

To state a cognizable claim for false advertising under the Lanham Act, plaintiffs must plead that their business interests fall within the "zone of interests" protected by the statute and that they have suffered a commercial injury proximately caused by the false advertising. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014). "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 131-32. In the Ninth Circuit, a commercial injury is "generally presumed . . . when defendant and plaintiff are direct competitors and defendant's misrepresentation has a tendency to mislead consumers." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 826 (9th Cir. 2011). But when the parties are not direct competitors, a plaintiff must plead a competitive injury with sufficient particularity to survive a motion to dismiss. *See Merck Eprova AG v. Brookstone Pharm., LLC*, 920 F.Supp.2d 404, 416 (S.D.N.Y. 2013).

In addition to the *NeoGenis Labs* case cited by Defendant, two other recent decisions from the District of Arizona address the same causes of action asserted by Plaintiff against other defendants. *See ThermoLife Int'l, LLC v. Compound Sol. Inc.*, No. CV-19-01473-PHX-SMM, 2019 WL 5448804 (July 30, 2019); *ThermoLife Int'l, LLC v. Am. Fitness Wholesalers LLC*, No. CV-18-04189-PHX-JAT, 2019 WL 3840988 (Aug. 15, 2019). In all three cases, the court dismissed Plaintiff's complaint with leave to amend. *NeoGenis Labs, Inc.*, 2019 WL 1438293, at *7; *Compound Sol. Inc.*, 2019 WL 5448804 at

*5; *Am. Fitness Wholesalers LLC*, 2019 WL 3840988 at *10. Each court found that Plaintiff failed to establish any direct competition with the defendant and that Plaintiff only asserted conclusory arguments regarding a competitive or commercial injury. *NeoGenis Labs, Inc.*, 2019 WL 1438293 at *6-7; *Compound Sol. Inc.*, 2019 WL 5448804 at *3; *Am. Fitness Wholesalers LLC*, 2019 WL 3840988 at *5, *9. Here, the Court finds that the Complaint is fatally flawed for the same reasons as the three previous cases and should therefore be dismissed under Rule 12(b)(6).[2]

First, Plaintiff fails to allege that it is in the same industry as Defendant or is in any way directly competitive with Defendant. Plaintiff generally asserts several times that it is in competition with Defendant. (Doc. 1 at 3, 9, 13) However, even taking the facts in the light most favorable to Plaintiff, the Complaint is insufficient. Plaintiff is a patent licensor. (Doc. 1 at 5) In that way, Plaintiff makes its money from licensing fees—not product sales. In contrast, Defendant sells dietary supplements directly to consumers. (Doc. 1 at 5) Plaintiff does not allege that its licensing stream of income or brand reputation have been affected by Defendant's actions. Without more, Plaintiff has failed to establish a presumption of injury due to direct competition with Defendant. *TrafficSchool.com, Inc.*, 653 F.3d at 826.

Additionally, Plaintiff fails to establish a specific commercial injury. Throughout the Complaint, Plaintiff asserts several conclusory statements alluding to a competitive injury. For example, Plaintiff states that "in competition with ThermoLife, BPI is willfully and intentionally tricking consumers into purchasing BPI's falsely advertised and misbranded BCAA Products . . . [and] all of BPI's profits earned on sales of its BCAA products are ill-gotten gains." (Doc. 1 at 3) In addition, Plaintiff asserts that it is unable to compete with Defendant in the BCAA marketplace because of Defendant's false marketing claims. (Doc. 1 at 9) In support of its argument, Plaintiff cites *Lexmark International, Inc.,*

---

[2] Although failure to plead an injury raises a jurisdictional issue, the Court declines to analyze the motion on that basis because Defendant did not raise a Rule 12(b)(1) argument.

4

572 U.S. 118 (2014), for the proposition that it may assert a false advertising claim on behalf of its customers or licensees. (Doc. 22 at 6-7) However, Plaintiff does not name any specific licensee who is in direct competition with Defendant and has suffered an injury due to Defendant's conduct. Therefore, Plaintiff's false advertising claim fails to state sufficient facts under a cognizable legal theory.

### 2.     **Unfair Competition**

Defendant argues that the unfair competition claim should be dismissed for the same reasons as the false advertising claim. (Doc. 15 at 14-15) Plaintiff maintains that it has pled a sufficient claim for both false advertising and unfair competition. (Doc. 22 at 12) District courts generally treat common law unfair competition claims similar to claims under the Lanham Act. *See Lisa Frank, Inc. v. Orb Factory Ltd.*, CV-15-433-TUC-DCB, 2017 WL 6000477, at *3 (D. Ariz. Sept. 21, 2017) (citing *Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994)). As stated above, Plaintiff fails to allege that it is in direct competition with Defendant or that it has suffered a commercial injury proximately caused by Defendant. Therefore, the Court will dismiss the unfair competition claim.

### 3.     **Civil Conspiracy**

Defendant argues that Plaintiff's civil conspiracy claims sounds in fraud and is therefore subject to the heightened pleading requirements of Rule 9(b). (Doc. 15 at 15) Plaintiff did not respond to this argument. The Court agrees with Defendant and finds that Plaintiff is required to plead its civil conspiracy claim in accordance with Rule 9(b). *See Swarz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (applying Rule 9(b) to a civil conspiracy claim because "the object of the conspiracy [was] fraudulent"). Moreover, the Court finds that the civil conspiracy claim cannot stand alone, and therefore, the Court will dismiss the claim along with the other two causes of action. *See Am. Fitness Wholesalers LLC*, 2019 WL 3840988 at *9.

### B.     **Request for Judicial Notice**

Defendant also requests that the Court take judicial notice of the current label for its "Best BCAA" product. (Doc. 16 at 2) Defendant asserts that the Court must take judicial

notice of the label pursuant to Federal Rule of Evidence 201 because the authenticity of the label is not contested and the Complaint necessarily relies on it. (Doc. 16 at 2) In response, Plaintiff argues that the label is not a public record or other fact of undisputed accuracy, and therefore, the Court should not take judicial notice. (Doc. 22) Finding that judicial notice is premature at this stage in the case, the Court will deny the request.

Accordingly,

**IT IS ORDERED**:

1. That Defendant's Motion to Dismiss (Doc. 15) is **granted** without prejudice;

2. That Defendant's Request for Judicial Notice (Doc. 16) is **denied**; and

3. That Plaintiff shall have leave to amend the Complaint. Plaintiff must file a First Amended Complaint in accordance with Local Rule of Civil Procedure 15.1 within thirty (30) days of the date of this Order.

Dated this 18th day of November, 2019.

Honorable Steven P. Logan
United States District Judge